Filed 8/13/26  Anebere v. Wimberley CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DONATUS C. ANEBERE et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> FRED WIMBERLEY et al., <br><br> Defendants and Respondents. | B344937 <br><br> (Los Angeles County Super. Ct. No. 21STCV17063) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard L. Fruin, Judge.  Affirmed.

Donatus Anebere and Leonard Anebere, in pro. per., for Plaintiffs and Appellants.

Fred Martin Wimberley, in pro. per., for Defendant and Respondent Fred Wimberley.

Kasendorf Law and Alexander S. Kasendorf for Defendant and Respondent Michael Young.

_____

Plaintiffs Donatus Anebere (Donatus) and Leonard Anebere (Leonard)[1] filed this action against Fred Wimberley (Wimberley) and Michael Young (Young), as Trustee of the 4250 9th Avenue Trust (trust), among other defendants, relating to the foreclosure of their property (property).  Plaintiffs proceeded to trial, and the trial court granted a motion for nonsuit.

On appeal, plaintiffs raise two issues.  First, they argue that the trial court erred in denying their motion to stay an unlawful detainer case pending against them and/or consolidate that case with the instant case.  Second, plaintiffs argue that they were "denied a fair trial because of the performance of their trial counsel[.]"  We affirm the judgment.

## BACKGROUND

### I. Plaintiffs' Allegations[2]

Leonard acquired the property in 2004, and subsequently transferred it to Galzonic Export Corporation, which is the DBA of Donatus.

In or around September 2017, plaintiffs entered into an agreement with Wimberley to use his credit to refinance the property in order to avoid foreclosure.  Plaintiffs conveyed the

---

[1]     To avoid confusion, we refer to each plaintiff by his first name.  We mean no disrespect.  We refer to Donatus and Leonard, collectively, as plaintiffs.

[2]     We draw these allegations from plaintiffs' operative first amended verified complaint and their opening brief on appeal.

property to Wimberley to hold for them. Wimberley was to receive no interest in the property and did not pay the mortgage.

Nevertheless, on or about October 8, 2020, Wimberley executed a grant deed conveying the property to the trust. The trust then took out a $150,000 loan, encumbering the property. The encumbrance prevented plaintiffs from refinancing the property or otherwise repaying the first lienholder.

## II. Procedural History

On February 12, 2024, the first lienholder foreclosed on the property and then filed an unlawful detainer case against plaintiffs. Plaintiffs filed this action against Wimberley, Young, and several other defendants. In the operative first amended verified complaint, plaintiffs asserted the following causes of action: (1) cancellation of instrument; (2) fraud; (3) quiet title; (4) breach of contract; (5) intentional infliction of emotional distress; and (6) declaratory relief.

On April 16, 2024, Leonard filed a notice of related case concerning the unlawful detainer case. Leonard also moved to stay the unlawful detainer case or consolidate that case with the instant case. Leonard argued that both cases "turn[] solely on the question of [plaintiffs'] title to [the] property, and [the] wrongful foreclosure sale [of] the subject property." The trial court denied the motion.

The trial court held a bench trial in December 2024. After plaintiffs rested, the court granted Wimberley's and Young's oral motions for nonsuit. The trial court entered an amended judgment on March 5, 2025, in favor of Wimberley and Young.

This timely appeal followed.

3

## DISCUSSION

### I. Plaintiffs Failed to Provide an Adequate Record

It is plaintiffs' burden to provide an adequate record for review on appeal. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) "[A] record is inadequate, and appellant defaults, if the appellant predicates error only on the part of the record he provides the trial court, but ignores or does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed." (*Uniroyal Chemical Co. v. American Vanguard Corp.* (1988) 203 Cal.App.3d 285, 302.)

Plaintiffs have failed to provide an adequate record, as there are no reporter's transcripts or written orders relating to the issues on appeal. Therefore, we presume that the trial court's judgment is correct and resolve the issues on appeal against plaintiffs. (See *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 576 (*Elena S.*) ["In the absence of a proper record, . . . we must presume the trial court acted properly"]; *Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412 ["We cannot presume error from an incomplete record"].)

### II. Plaintiffs' Appeal of the Trial Court's Ruling on Their Motion Is Moot

Plaintiffs argue that the trial court erred in denying their motion to stay the unlawful detainer case and/or consolidate that case with the instant case. As we have discussed, because plaintiffs provided an inadequate record on appeal, we presume that the "court acted properly." (*Elena S.*, *supra*, 247 Cal.App.4th at p. 576.) In any event, the issue is moot.

"It is generally recognized the summary unlawful detainer action is not a suitable vehicle to try complicated ownership

4

issues involving assertions of fraud and deceptive practices . . . ." (*Asuncion v. Superior Court* (1980) 108 Cal.App.3d 141, 144.) However, plaintiffs should have sought appellate review of the trial court's decision by seeking a writ of mandate before trial. (See *id.* at p. 147.) At this point, plaintiffs have already litigated the "complicated ownership issues" in the underlying case, and those issues were resolved against them. Because plaintiffs had their day in (unlimited civil) court, as contemplated by *Asuncion*, we cannot grant practical, effective relief. Accordingly, plaintiffs' claim is moot. (See *Ghost Golf, Inc. v. Newsom* (2024) 102 Cal.App.5th 88, 99 [" 'An appeal is moot if the appellate court cannot grant practical, effective relief' "].)

## III. The Performance of Plaintiffs' Counsel Is Not a Basis for Reversal

Plaintiffs argue that the judgment should be reversed because their trial counsel provided ineffective assistance. Specifically, plaintiffs argue that their counsel waived jury without their consent, did not secure a court reporter for the proceedings, and did not request a statement of decision. Although plaintiffs correctly concede that "there is no specific federal constitutional right to counsel in all civil cases" (see *Chevalier v. Dubin* (1980) 104 Cal.App.3d 975, 978–979 ["the right to counsel constitutional provisions refer specifically to criminal prosecutions, and hence do not apply to civil proceedings"]), they nevertheless contend that "a lawyer's poor performance can still be grounds for relief." Plaintiffs cite no authority in support of this proposition, thus forfeiting it. (See *County of Butte v. Emergency Medical Services Authority* (2010) 187 Cal.App.4th 1175, 1196, fn. 7 [contention not supported by citation to legal authority is forfeited as improperly presented].)

5

Regardless, "[i]n a civil case, attorney negligence may be remediable by a malpractice action, and it may be better to relegate the aggrieved litigant to that remedy than to impair the finality of appellate judgments on the ground of counsel's deficient performance." (*In re Grunau* (2008) 169 Cal.App.4th 997, 1003.)

### DISPOSITION

The judgment is affirmed. Wimberley and Young are entitled to their costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.



GOORVITCH, J.

We concur:



LUI, P. J.



CHAVEZ, J.

6